IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW and JEWISH AMERICANS FOR FAIRNESS IN EDUCATION,<br><br>  Plaintiffs,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>  Defendant. | Case No. 1:24-cv-11354-RGS |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO SUBMIT REQUEST FOR JUDICIAL NOTICE**

Defendant President and Fellows of Harvard College ("Harvard") opposes Plaintiffs' Motion for Leave to Submit Request for Judicial Notice (Dkt. 59; *see also* Dkt. 59-1). Plaintiffs ask this Court to take judicial notice of an audio recording of a hearing in Boston Municipal Court and credit as true, under Federal Rule of Evidence 201, disputed, unsworn statements of counsel that are captured in that recording. These statements "are not properly subject to judicial notice" because they fail to meet the most basic requirement of Federal Rule of Evidence 201: "judicial notice may only be taken of facts that are not subject to reasonable dispute." *United States v. Conigliaro*, 282 F. Supp. 3d 401, 406 n.5 (D. Mass. 2017). Nor can Plaintiffs seek an end-run around this rule by asking the Court to take judicial notice of these disputed statements simply because they appear in a public record. *See id.*; *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (holding that, on motion to dismiss, court could not consider statements in public records that did not meet the requirements of Rule 201). This Court should deny Plaintiffs' motion and decline to consider the recording in ruling on Harvard's motion to dismiss.

The First Circuit has made clear that, at the motion-to-dismiss stage, district courts may only take judicial notice of purported facts that are not subject to reasonable dispute, even if those purported facts are set forth in public records. "When ruling on a Rule 12(b)(6) motion to dismiss, a district court is generally limited to considering 'facts and documents that are part of or incorporated into the complaint'" but "may also consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008). Matters are susceptible to judicial notice if they satisfy Federal Rule of Evidence 201, which provides that a district court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined

1

from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "'A *high degree of indisputability* is an essential prerequisite'" to judicial notice. *United States v. Bello*, 194 F.3d 18, 23 (1st Cir. 1999) (quoting Fed. R. Evid. 201, advisory committee's note). This standard applies equally to public records. *Freeman*, 714 F.3d at 36. "[T]he extent to which a court may consider a public record … outside the four corners of the complaint depends upon whether that record, or the facts within it, are susceptible to judicial notice under Federal Rule of Evidence 201." *Gattineri v. Town of Lynnfield*, 58 F.4th 512, 514 n.2 (1st Cir. 2023).

Courts regularly conclude that disputed statements contained in public records are not subject to judicial notice. For example, the First Circuit declined to judicially notice the contents of "911 transcripts and police incident reports." *Freeman*, 714 F.3d at 37. Similarly, this Court refused to take judicial notice of disputed statements made under oath during a criminal trial. *See Conigliaro*, 282 F. Supp. 3d at 406 n.5. And other courts in this District have declined to take judicial notice of disputed statements found in public records such as court decisions, pleadings, and congressional reports. *See Jones v. Bank of N.Y.*, 542 F. Supp. 3d 44, 51 n.3 (D. Mass. 2021); *Barnstable County v. 3M Co.*, 2017 WL 6452245, at *4 (D. Mass. Dec. 18, 2017); *Alharbi v. Beck*, 62 F. Supp. 3d 202, 209 (D. Mass. 2014).

Plaintiffs are therefore wrong to suggest that the Court may take judicial notice of the audio recording and consider it when ruling on Harvard's motion, based solely on their claim that it is a public record. As the First Circuit held in *Freeman* and *Gattineri*, reasonably disputed statements are not subject to judicial notice, even when they appear in public records. The cases Plaintiffs cite only underscore why judicial notice is inappropriate here, because they involved judicial notice of public records that no party reasonably disputed: "undisputed" congressional records offered "without objection," *United States ex rel. Winkelman v. CVS Caremark Corp.*,

2

827 F.3d 201, 208 (1st Cir. 2016); the fact of a prior criminal conviction, *Kowalski v. Gagne*, 914 F.2d 299, 305-306 (1st Cir. 1990); and a related court filing used to explain the procedural history of the case, *Lombardo v CitiMortgage, Inc.*, 2019 WL 3546630, at *1, 3 (D. Mass. Mar. 4, 2019). *Wiener v. MIB Group, Inc.* is particularly inapt, as the district court in that case did not even reach the defendants' Rule 12(b)(6) arguments, and "[t]he parties agree[d]" that it could take judicial notice of the existence of public filings in related litigation. 86 F.4th 76, 81 n.3, 89 (1st Cir. 2023). None of Plaintiffs' cases suggests the Court may take judicial notice of unsworn statements of counsel, even if those statements happen to appear in a public record. Moreover, the statements Plaintiffs seek to introduce through judicial notice were made during a proceeding to which Harvard was not a party.

Harvard respectfully requests that the Court deny Plaintiffs' Motion for Leave to Submit Request for Judicial Notice and decline to consider the proffered audio recording in ruling on Harvard's Rule 12(b)(6) motion to dismiss.

DATED:  October 16, 2024

> Respectfully Submitted,
>
> PRESIDENT AND FELLOWS OF HARVARD COLLEGE
>
> By its attorneys,
>
> */s/ Felicia H. Ellsworth*
> Felicia H. Ellsworth, BBO #665232
> WILMER CUTLER PICKERING
>   HALE AND DORR LLP
> 60 State Street
> Boston, MA 02109
> Tel:  (617) 526-6000

Mark A. Kirsch (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036

3

mkirsch@kslaw.com
Tel: (212) 790-5329
Fax: (212) 556-2222

Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Bruce M. Berman (*pro hac vice*)
Jeremy W. Brinster (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel:  (202) 663-6000
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
bruce.berman@wilmerhale.com
jeremy.brinster@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2024, I caused this document to be filed through the CM/ECF system, where it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth